## JOHN MOORE V. THE STATE.

1. No appeal in a criminal cause can be entertained by this court unless there has been a compliance with the provisions of the third section, article fifth, of the Constitution, requiring that a transcript of the record be presented within sixty days after the trial, to a judge of this court, for his inspection and allowance of an appeal. Non-compliance with this requirement was not cured by order of this court, made after the expiration of the sixty days, and directing the transcript to be filed in the clerk's office.

APPEAL from Fayette. Tried below before the Hon. T. C. Barden.

The opinion states all relevant facts.

No briefs.

OGDEN, J.—The appellant in this case was indicted for the theft of a gelding, and on the fourteenth day of June was tried and convicted. On the fifth day of December the transcript, by an order of this court, was filed in the clerk's office, without having been presented to one of the judges of the Supreme Court for inspection or endorsement. This, we think, in direct violation of section three, article five, of the Constitution, which reads as follows: "In criminal causes no appeal shall be allowed to the Supreme Court, unless some judge thereof shall, upon inspecting a transcript of the record, believe that some error of law has been committed by the judge before whom the cause was tried; *provided*, that said transcript of the record shall be presented within sixty days from the date of the trial." We are of the opinion that this clause of the Constitution is binding upon us, and that it has been violated by the appellant in two particulars; first, more than sixty days have elapsed since the trial of this case, and second, the transcript has not been presented to one of the judges of the

Supreme Court for inspection. For these' errors we are of the opinion, that we have no constitutional right or authority to hear this case on its merits, but that the same should be stricken from the docket, and it is ordered accordingly.

Stricken from the docket.